**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| LYDIA VASQUEZ-BRENES, *et al.*, | |
| Plaintiffs, | |
| vs. | Case No. 2:12–cv–1635–JCM–VCF |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*, | **ORDER** |
| Defendants. | |

Before the court is Ricardo Brenes' Motion to Strike (#68[1]). The Las Vegas Metropolitan Police Department filed an opposition (#69) and a counter-motion for Leave to Accept the Department's Dispositive Motion (#70).[2] For the reasons stated below, Brenes' Motion to Strike is denied and the Department's Motion for Leave to Accept is granted.

Brenes moves to strike the Department's Motion for Partial Summary Judgment (#66) because it is untimely. Under the terms of the court's scheduling order, the deadline to file dispositive motions was February 15, 2014. (*See* Doc. #21 at 6:8–11). Nonetheless, the Department filed a dispositive motion eight months after the deadline, on October 7, 2014.

Now, Brenes argues that the Department's untimely motion should be stricken. The court disagrees. The Ninth Circuit has emphasized that a case management order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotations and citations omitted). However, the court has a superseding obligation to exercise its limited powers of jurisdiction only where

---

[1] Parenthetical citations refer to the court's docket.
[2] The Department's opposition and Motion for Leave are identical documents.

it is plausible that jurisdiction exists. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) *cert. denied*, 14-119, 2014 WL 3817554 (U.S. Oct. 14, 2014). Indeed, the Supreme Court has long directed lower courts to presume that they lack jurisdiction. *Turner v. Bank of North Am.*, 4 U.S. 8, 11, 4 Dall. 8, 11 (1799). Under Federal Rule of Civil Procedure 12(h)(3), the court must dismiss any action as soon as it determines that the court's jurisdictional requirements have not been met.

Here, the Department's Motion for Partial Summary Judgment (#66) raises a jurisdictional concern. It argues that because the court granted the Department's prior motion for summary judgment, the court is now without subject-matter jurisdiction of Brenes' remaining claims. (Def.'s Opp'n (#69) at 3:25–28). This court makes no findings or recommendation on the merit of the Department's argument. It merely recognizes that jurisdictional concerns supersede scheduling concerns as a matter of law. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (stating that federal jurisdiction cannot be expanded by judicial decree); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (stating that the court has "broad discretion" in supervising pretrial matters).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Ricardo Brenes' Motion to Strike (#68) is DENIED.

IT IS FURTHER ORDERED that the Department's Motion for Leave (#70) is GRANTED.

IT IS FURTHER ORDERED that Brenes opposition to Las Vegas Metropolitan Police Department's Motion for Partial Summary Judgment (#66) is due Monday, November 10, 2014, and that Las Metropolitan Police Department's reply is due Thursday, November 20, 2014.

IT IS SO ORDERED.

DATED this 27th day of October, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE