UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LYDIA VASQUEZ-BRENES, et al., | Case No. 2:12-CV-1635 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff's[1] motion for order certifying defendants' interlocutory appeal as frivolous and retaining jurisdiction. (Doc. # 72). Defendants filed a response. (Doc. # 74). Plaintiff did not file a reply.

Also before the court is defendants' motion for partial judgment on the pleadings. (Doc. # 66). Plaintiff filed a response, (doc. # 75), and defendants filed a reply, (doc. # 76).

I.  **Background**

This case arises out of a fatal officer involved shooting. Plaintiff Lydia Vasquez-Brenes is the wife of the decedent, Anthony Brenes. Defendants are the Las Vegas Metropolitan Police Department ("LVMPD") and officer Sean Miller. Officer Miller is the LVMPD officer who delivered the fatal gunshot to Anthony Brenes. The incident occurred in the early morning hours of November 15, 2010, at a Speedee Mart convenience store in Las Vegas, Nevada.

---

[1] Initially, there were two plaintiffs in this case: Lydia Vasquez-Brenes and Ricardo Brenes. However, due to this court's September 10, 2014, order, only plaintiff Lydia Vasquez-Brenes remains.

**James C. Mahan**
**U.S. District Judge**

Defendants filed a motion for summary judgment, which this court granted in part and denied in part. (Doc. # 65). Officer Miller has appealed to the Ninth Circuit this court's denial of qualified immunity. Miller filed a notice of interlocutory appeal with this court on October 5, 2014. (Doc. # 67).

Plaintiff seeks to have this court certify officer Miller's interlocutory appeal as frivolous, so the district court may retain jurisdiction and proceed to trial.

Defendants seek to have this court dismiss plaintiff's remaining 42 U.S.C. § 1983 claims for failure to state a claim for relief due to lack of standing.

## II. Discussion

*A. Plaintiff's motion to certify defendants' interlocutory appeal as frivolous*

Plaintiff claims that defendants' interlocutory appeal is frivolous and asks this court to certify the appeal as such. Ordinarily, the filing of an interlocutory appeal to the Ninth Circuit divests the district court of jurisdiction over all aspects of the case that are the subject of the appeal. *United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002). However, "a frivolous or forfeited appeal does not automatically divest the district court of jurisdiction. Accordingly, a district court may certify in writing that the appeal is frivolous or waived." *Chuman v. Wright,* 960 F.2d 104, 104 (9th Cir. 1992). An appeal is frivolous "if the results are obvious or the arguments of error are wholly without merit." *Amwest Mortg. Corp. v. Grady*, 925 F.2d 1162, 1165 (9th Cir. 1991). This means that the appeal must be "so baseless that it does not invoke appellate jurisdiction," such as when "the disposition is so plainly correct that nothing can be said on the other side." *Apolstol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989).

Plaintiff asserts that defendants' appeal is frivolous because precedent informs that an interlocutory appeal may not be taken where summary judgment is denied based on disputed issues of material fact. According to plaintiff, Supreme Court and Ninth Circuit precedent clearly demonstrate that an order such as this court's which, "den[ies] qualified immunity on the ground that a genuine issue of material fact exists is not a final, immediately appealable order." *Maropulos v. County of Los Angeles*, 560 F.3d 974, 975 (9th Cir. 2009) (per curiam). Therefore, according

**James C. Mahan**
**U.S. District Judge**

- 2 -

to plaintiff, defendants' appeal is frivolous, since this court's September 10, 2014, order is not immediately appealable.

As a general rule, interlocutory appeals from determination of qualified immunity are permissible. *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1059 (9th Cir. 2006). In *Mitchell v. Forsyth,* 472 U.S. 511, 530 (1985), the Supreme Court held the denial of a defendant's motion for summary judgment is immediately appealable where the defendant is a public official asserting the defense of qualified immunity, and the issue appealed concerns whether the facts demonstrated a violation of clearly established law. *Kennedy*, 439 F.3d at 1059.

The Supreme Court created an exception to this general rule in *Johnson v. Jones*, 515 U.S. 304 (1995). There, the Supreme Court held that "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson*, 515 U.S. at 319–20; *Kennedy*, 439 F.3d at 1059. Nevertheless, the Ninth Circuit is not precluded from hearing an interlocutory appeal merely because there are issues of fact in dispute. *Wilkins v. City of Oakland*, 350 F.3d 949, 951 (9th Cir. 2003) (citing *Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir. 2001)).

*Johnson* held, simply, that determinations of evidentiary sufficiency at summary judgment are not immediately appealable merely because they happen to arise in a qualified immunity case. *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996); *see Kennedy*, 439 F.3d at 1060. *Johnson* reaffirmed that summary judgment determinations *are* appealable when they resolve a dispute concerning an "abstract issue of law" relating to qualified immunity, typically whether the federal right allegedly infringed was "clearly established." *Behrens*, 516 U.S. at 313; *see Kennedy*, 439 F.3d at 1060.

While this court concluded that issues of fact remain, those disputed facts are not the basis of defendants' interlocutory appeal. Defendants contend that, even after resolving the issues of fact in plaintiff's favor, plaintiff has still not demonstrated that officer Miller violated Brenes' clearly established, constitutional rights. Because this question presents an "abstract issue of law relating to qualified immunity," it falls within the Ninth Circuit's jurisdiction on interlocutory

**James C. Mahan**
**U.S. District Judge**

appeal. *See Behrens*, 516 U.S. at 313; *Kennedy*, 439 F.3d at 1060. Accordingly, the court finds that defendants' appeal is appropriate and will decline to certify it as frivolous.

B. *Defendants' motion for partial judgment on the pleadings*

As this court declines to certify defendants' appeal as frivolous, this court is effectively divested of jurisdiction over "those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *McClatchy Newspapers v. Central Valley Typographical Union No. 46,* 686 F.2d 731, 734 (9th Cir. 1982). The Ninth Circuit, as well as other circuits, have clarified that the district court cannot take any action that would alter the status of the case as it rests before the court of appeals. *See Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) (holding that a district court cannot materially alter the status of the case on appeal when it is acting pursuant to Federal Rule of Civil Procedure 62(c)).[2]

"This divestiture of jurisdiction rule is not based upon statutory provisions or the rules of civil or criminal procedure. Instead, it is a judge made rule originally devised in the context of civil appeals to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *United States v. LaMere*, 951 F.2d 1106, 1108 (9th Cir. 1991). Given the rule's source and purpose, the rule "should not be employed to defeat its purpose or to induce needless paper shuffling." *Id.* (internal quotations omitted).

This court recognizes that there are generally three instances where a notice of appeal does not divest the district court of jurisdiction: (1) where the issue before the district court is separate from, or collateral to, the matter involved in the appeal; (2) where application of the divestiture of jurisdiction rule would wholly undermine its purpose; and (3) where the appeal is clearly defective or frivolous, usually by reason of "untimeliness, lack of essential recitals, or reference to a non-

---

[2] Other circuits have acknowledged that a district court cannot materially alter that status of a case outside the Rule 62(c) context. *Doe v. Pub. Citizen*, 749 F.3d 246, 259 (4th Cir. 2014); *United States v. Gallion*, 534 F. App'x 303, 310 (6th Cir. 2013); *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003); *Dayton Indep. Sch. Dist. v. U.S. Mineral Products Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990); Allan Ides, *The Authority of A Federal District Court to Proceed After A Notice of Appeal Has Been Filed*, 143 F.R.D. 307, 308 (1992).

**James C. Mahan**
**U.S. District Judge**

- 4 -

appealable order." *LaMere*, 951 F.2d at 1108; *Ruby v. Sec'y of U. S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966); Ides, *supra*, at 308–09.

This court finds that defendants, by filing their notice of appeal, have divested this court of jurisdiction to hear their motion for partial judgment on the pleadings.

The primary issue on appeal is whether officer Miller violated Brenes' clearly established constitutional rights, thereby depriving officer Miller of qualified immunity with respect to plaintiff's § 1983 claim. The issue presented in defendants' motion concerns the plaintiff's standing to assert the § 1983 claim on behalf of her deceased husband in the first place.

It is clear that a decision on the motion could "alter the status of the case" before the Ninth Circuit. If this court were to find that plaintiff lacked standing to pursue the § 1983 claim, the claim might be dismissed in its entirety unless plaintiff was granted leave to amend the complaint. However, even by allowing plaintiff to amend her complaint, this court would be exceeding its authority, as such action is directly related to the issue on appeal. *See, e.g.*, *Dayton Indep. Sch. Dist.*, 906 F.2d at 1063 (holding that the district court lacked jurisdiction to grant appellees' motion for leave to amend their complaint).

Furthermore, the rule's purpose would not be undermined in this circumstance. Indeed, its purpose would be fully effectuated. The rule was designed to prevent separate courts from deciding the same matters simultaneously. Here, this court would be deciding whether a plaintiff has standing to pursue a claim, all while the Ninth Circuit would be rendering a decision on the substance of that same claim. This split in decision-making ought to be avoided under the rule. In addition, hearing the motion might also lead to unnecessary paper shuffling. If this court were to permit plaintiff to amend her complaint, plaintiff would need to submit the amended complaint and refile her appeal with the Ninth Circuit with the correctly named parties.

Lastly, the Ninth Circuit may consider the issue of standing if it pleases. Although the Ninth Circuit will not generally consider issues raised for the first time on appeal, there are exceptions. *United States v. Reyes-Alvarado*, 963 F.2d 1184, 1189 (9th Cir. 1992). One exception is for "when the issue is purely one of law and either does not depend on the factual record developed below or the relevant record has been fully developed." *Id.* Whether a decedent's

James C. Mahan
U.S. District Judge

- 5 -

spouse has standing to assert a § 1983 claim under a Fourth Amendment theory pursuant to Nevada law is a purely legal question, and thus, the Ninth Circuit may address the issue if it so chooses.

Therefore, as a result of defendants' appeal, this court is divested of jurisdiction and cannot entertain defendants' motion for partial judgment on the pleadings.

### III.  Conclusion

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for order certifying defendants' interlocutory appeal as frivolous, (doc. # 72), be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendants' motion for partial judgment on the pleadings, (doc. # 66), be, and the same hereby, is DENIED.

DATED March 19, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -