UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LYDIA VASQUEZ-BRENES, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., <br><br> Defendant(s). | Case No. 2:12-CV-1635 JCM (VCF) <br><br> ORDER |

Presently before the court is the remand from the Ninth Circuit's memorandum decision reversing this court's partial denial of defendants Las Vegas Metropolitan Police Department ("LVMPD") and Officer Sean Miller's ("Miller") motion for summary judgment. (ECF Nos. 50, 65, 80). The applicable mandate was spread upon the records of this court on January 10, 2017. (ECF No. 83).

On September 10, 2014, this court issued its order on defendants' motion for summary judgment. (ECF No. 65). In the order, this court acknowledged that "[p]laintiffs have also conceded to dismissal of their *Monell* claim and their claims for false arrest and denial of medical care." (*Id.* at 3). Further, the order read as follows:

> The following claims remain: (1) a Fourth Amendment claim for excessive force against officer Miller brought under 42 U.S.C. § 1983; (2) a Fourteenth Amendment claim that officer Miller violated Brenes' substantive due process rights brought under 42 U.S.C. § 1983; (3) a battery claim against officer Miller and the LVMPD; and (4) a negligence claim against officer Miller and the LVMPD.

(*Id.*).

Regarding Miller, the court granted summary judgment as to the substantive due process claim but denied summary judgment as to the excessive force claim and the state tort claims because the court did not hold that Miller's use of force was reasonable. (*Id.*). Regarding LVMPD,

**James C. Mahan**
**U.S. District Judge**

this court granted summary judgment based on discretionary-function immunity as to the state tort claims. (*Id.*). Therefore, no claims against LVMPD remain.

On November 10, 2016, the Ninth Circuit issued a memorandum holding that its jurisdiction over the relevant appeal was proper and that Miller was entitled to qualified immunity because he had not violated clearly established law. (ECF No. 80). The Ninth Circuit reversed this court's decision and "remand[ed] with instructions to grant Miller's motion for summary judgment on qualified immunity." (*Id.* at 3–4). Thus, that will be the order of the court.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Miller's motion for summary judgment (ECF No. 50) be, and the same hereby is, GRANTED.

The clerk shall enter judgment accordingly and close the case.

DATED February 16, 2017.

                                                                                    /s/ James C. Mahan
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -