UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LYDIA VASQUEZ-BRENES, et al., | Case No. 2:12-CV-1635 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | |
| Defendant(s). | |

Presently before the court is the appellate commissioner's order remanding the appeal "for the limited purpose of enabling the district court to consider appellants' Federal Rule of Civil Procedure 60(a) motion." *Vasquez-Brenes v. Las Vegas Metro. Police Dep't*, 670 F. App'x 617, 618 (9th Cir. 2016) [hereinafter (ECF No. 80)]; *see* (ECF No. 93).

On May 17, 2017, plaintiffs Ricardo Brenes and Lydia Vasquez-Brenes filed an unopposed motion seeking written indication from the court that it was willing to entertain a motion made pursuant to Federal Rules of Civil Procedure 60(a) and 62.1. (ECF No. 90).

On May 19, 2017, this court issued an indicative ruling that the unopposed motion raised a substantive issue. (ECF No. 91). On May 25, 2017, the appellate commissioner filed the aforementioned limited remand.

On June 9, 2017, this court ordered that plaintiffs submit their rule 60 motion on the docket. (ECF No. 92). On June 13, 2017, plaintiffs complied with that order by submitting the motion (*id.*), and defendants Las Vegas Metropolitan Police Department (the "LVMPD") and Sean Miller filed their response on June 21, 2017, (ECF No. 95).

**James C. Mahan**
**U.S. District Judge**

In their motion, plaintiffs assert that the Ninth Circuit appeal involved plaintiffs' Fourth Amendment claim, suggesting that the Ninth Circuit did not intend to consider issues of state law because it did not adjudicate this court's prior denial of summary judgment regarding battery and negligence. (ECF No. 93).

Plaintiffs bring the instant motion because they seek clarification whether this court declined to exercise supplemental jurisdiction over the state court claims. (*Id.*). This question is relevant because plaintiffs have begun to pursue those state law claims in state court, but defendants have filed a motion to dismiss in that forum based upon *res judicata* and collateral estoppel. (*Id.*).

Additionally, plaintiffs seek clarification "as to whether LVMPD is still a party with regard to Plaintiffs' state law claims on a theory of vicarious liability only." (ECF No. 93 at 5).

In response, defendants first argue that "the Ninth Circuit's determination that Officer Miller acted in good faith is fatal to plaintiffs' state-law claims." (ECF No. 95 at 4). Yet nowhere in the Ninth Circuit memorandum does that court discuss "good faith." (ECF No. 80); *see also Pearson v. Callahan*, 555 U.S. 223, 232–36 (2009) (describing the two-pronged qualified immunity analysis, which generally does not include a consideration of "good faith."). Next, defendants discuss federal and state law to show how reinstating the state law claims would be futile (ECF No. 95); however, defendants do not request *reinstatement* of the state law claims but rather clarification regarding a court's previous order as to the manner of the ruling of those claims (ECF No. 93).

Despite the existence of later-initiated state court proceedings regarding these issues, this court finds it has the authority to determine these questions, despite the potential impact of this court's ruling on the state court cases. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910) ("The rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction, for both the state and Federal courts have certain concurrent jurisdiction over such controversies . . . .")).

The court agrees with the plaintiffs that the Ninth Circuit memorandum does not address the state law claims that were viable at the time of the Ninth Circuit decision in this case: a battery claim against Officer Sean Miller and the LVMPD as well as a negligence claim against the same. *See* (ECF No. 80); *see also* (ECF No. 65). Accordingly, those claims were still viable at the time this court entered its order following the Ninth Circuit's remand. (ECF No. 84).

"A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)). Therefore, this court now clarifies that the state claims unaddressed by this court's February 16, 2017, order are dismissed pursuant to this court's decision to decline the exercise of supplemental jurisdiction. *See id.*; *see also* (ECF No. 84). Correspondingly, this court will not exercise its jurisdiction to determine which parties may be subject to plaintiffs' state claims in another forum.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(a) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that this court's February 16, 2017, order (ECF No. 84) be, and the same hereby is, AMENDED, to include the following sentence: "This court declines to exercise supplemental jurisdiction over the remaining state claims in this action, pursuant to 28 U.S.C. § 1367(c)(3)."

DATED July 11, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -